## Pool and Meredith v. City of Princeton.

(Decided October 9, 1923.)

### Appeal from Caldwell Circuit Court.

Appeal and Error—Judgment Held in Accordance with Opinion of Court of Appeals.—Where the Court of Appeals determined that plaintiff city was the owner of property adversely held by defendant, but that there was no immediate imperative necessity for the removal of structures on the property, a judgment of the trial court adjudging that the city was entitled to immediate possession, but further providing for the hearing of evidence to determine what would be a reasonable time within which to remove the buildings, was in accordance with the opinion of the Court of Appeals.

ALBERT MORSE, JOHN G. MILLER and REED & BURNS for appellants.

R. W. LISANBY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is the second appeal of this case, it being fully stated in the former opinion, which is reported in 197 Ky. 248.

The original action was for the recovery of certain real estate and damages for its retention, and also for an injunction requiring defendants to remove certain rock and concrete walls, buildings and structures from such property.

The petition was dismissed in the lower court and that judgment was reversed in this court. After describing the real estate claimed by the city and the various obstructions thereon and declaring ownership thereof in the city, the opinion says:

"It is admitted by Pool and his assignee that no written notice was given by him or them to the city or its officials as provided by section 2546, Kentucky Statutes, whereby the city was required to take notice that Pool or his vendee was then or thereafter adversely claiming and holding that part of the alley, street, pool and plot of ground to which they now assert right, or more properly speaking, to which they declare the city has been unable to establish title in itself. As the several trespasses committed by Pool and his assignee have been a gradual growth, and it appearing that there is no immediate imperative necessity for the removal of the structures from the alley or the pool of the plot of ground, the chancellor should, after hearing the evidence, give to Pool and his assignee a reasonable time in which to perform this work, its nature and object considered, and for the purpose of ascertaining these facts the chancellor may hear evidence."

On a return of the case on proper notice the mandate was duly filed and on motion of the plaintiff cause submitted and judgment entered in favor of the plaintiffs, so much as is material being as follows:

"It is therefore adjudged by the court, that the plaintiff, city of Princeton, Ky., is the owner of the ground described and in controversy in its petition, namely a parcel of ground bounded as follows:

"Beginning at a point in the east edge of the Big Spring alley 96 feet south of the south side of South Main street, at its intersection with Big Spring alley; thence easterly and parallel with said Main street, a distance of thirty feet and six inches; thence in a southerly direction and parallel with said alley a distance of forty-nine feet; thence in a westerly direction with the Big Spring basin to the eastern edge of said alley to the beginning, being a point 96 feet south side of Main street. And it is further

adjudged that the defendants, S. P. Pool and C. G. Meredith, are wrongfully in possession of the said described parcel and boundary of ground, and have wrongfully erected buildings thereon, and are wrongfully maintaining buildings thereon, and that they have wrongfully erected a concrete wall in the said Big Spring basin, and are wrongfully maintaining said wall in the said basin, and as a result thereof the natural flow of the waters in the said Big Spring, said basin and creek below are diverted from their natural channels and caused to flow out south, over the city's property and into Washington street, and therby causing the said street and said property to wash out, causing damage to the plaintiff city; and it is further adjudged that the plaintiff city is entitled to injunctive relief compelling the removal of the said buildings, concrete walls and structures, and entitled to have and recover damages; and it is further adjudged that the plaintiff city have and recovered of the said defendants, S. P. Pool and C. G. Meredith, the immediate possession of said described parcel of ground.

"The opinion reversing having indicated that either party may desire to offer evidence as to what would constitute reasonable time for the removal of said obstructions, the matter as to time for said removal is held up for future orders and judgment of the court, with leave to either side to take additional testimony as to same at their option, or to retake any testimony on this one point and matter. The questions as to damages are held up for pleadings or proof.

"All matters herein pertaining to the injunctive relief and as to the removal of the said structures on said parcel of ground and all other matters not settled by this judgment, are held up for the further consideration of the court; and this cause is continued, to this order and judgment defendants by attorney excepts."

Subsequent to this, in May, 1922, defendants filed copy of judgment, and superseded that judgment in this court. Thereupon appellee sent a copy of the record and motion with notice to docket for the spring term to advance and to affirm as a delay case, to which appellants objected. These various motions were not passed upon at the time. The case being regularly on the docket at the present term has been advanced and submitted on the motion to affirm as a delay case, and the only question for consideration is as to whether the judgment of the trial court

was in accordance with the opinion of this court. It is argued that so much of the judgment as directs a recovery of the immediate possession of the premises is in conflict with the opinion of this court and also with part of the judgment itself which permits further evidence to be taken as to what would constitute a reasonable time for the removal of the obstructions on the property in question and holding other matters of injunctive relief for further consideration. We cannot concur in this. The lands for which a recovery is given in the judgment are as described in the petition. According to the opinion of this court these lands are the property of the city, and it is entitled to the immediate possession thereof, but the judgment fully protects the defendants in giving them time to remove their property therefrom, and in extending an opportunity to offer evidence as to what is a reasonable time for such removal, and this is in accordance with the opinion.

Perceiving no merit in appellants' contention the motion is sustained and the judgment affirmed.